Brandt L. Wolkin, Esq., SBN 112220
Dawn A. Silberstein, Esq., SBN 167936
Wolkin · Curran, LLP
555 Montgomery Street, Suite 1100
San Francisco, California 94111
Telephone: (415) 982-9390
Facsimile: (415) 982-4328
E-mail: bwolkin@wolkincurran.com
E-mail: dsilberstein@wolkincurran.com

Attorneys for plaintiff
WESTERN GROUP, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WESTERN GROUP, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ARCH SPECIALTY INSURANCE COMPANY, a Nebraska corporation; LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:14-cv-8520<br><br>**COMPLAINT FOR:**<br><br>**(1) BREACH OF CONTRACT; and**<br>**(2) BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>***And***<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, WESTERN GROUP, INC. ("Western"), for its Complaint against defendants, and each of them, alleges as follows:

**FEDERAL JURISDICTION AND VENUE**

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. Section 1332, because there is complete diversity of citizenship between Western and Defendants and the amount in controversy exceeds $75,000.

2. Venue is proper in the Central District of California, because a substantial portion of the events and omissions giving rise to Western's claims occurred in Los Angeles County, California.

**PARTIES**

3. Plaintiff, Western, at all times mentioned herein is, and was, a corporation organized under the laws of the State of California, having its principal place of business in Woodland Hills, California. At all times mentioned herein, Western is, and was, a contractor duly licensed to conduct business in the State of California.

4. Plaintiff is informed and believes and, based thereon, alleges that defendant ARCH SPECIALTY INSURANCE COMPANY ("Arch"), at all times mentioned herein is, and was, a corporation organized under the laws of the State of Nebraska with its principal place of business in Jersey City, New Jersey. At all times referenced herein, Arch was conducting business as a foreign insurer doing business in the State of California under Insurance Code section 1760, *et seq.*, by issuing and delivering policies of insurance to residents of California through a surplus lines broker.

5. Plaintiff is informed and believes and, based thereon, alleges that defendant LIBERTY MUTUAL INSURANCE COMPANY ("Liberty"), at all times mentioned herein is, and was, a corporation organized under the laws of the State of Massachusetts with its principal place of business in Boston, Massachusetts. At all times referenced herein, Liberty is, and was, conducting business as an insurance carrier in the State of California.

6. Plaintiff is informed and believes and, based thereon, alleges that DOES 1 through 10 are insurers licensed to do business in the State of California. The true names and capacities, whether individual,

corporate, associate or otherwise, of the defendants named herein as DOES 1 through 10 are unknown to Plaintiff at this time, and for that reason Plaintiff sues said defendants by fictitious names. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of said defendants when they have been ascertained.

7. Plaintiff is informed and believes and, based thereon, alleges that each of the fictitiously named defendants designated as DOES 1 through 10 are in some manner legally responsible to Plaintiff for the acts, omissions and damages set forth in this Complaint. Plaintiff will request leave to amend this Complaint to set forth the true names and capacities of these DOE defendants when the same are ascertained. The defendants identified above and DOES 1 through 10, inclusive, are hereafter sometimes referred to individually and collectively as "Defendants."

## NATURE OF THE ACTION

8. This is an action in which Western alleges that the Defendants breached their contractual obligations and breached the covenant of good faith and fair dealing under certain policies of insurance as more specifically set forth below.

## GENERAL ALLEGATIONS

### The Policies:

9. Defendant Arch issued an Owner Controlled Insurance Policy ("OCIP"), commonly referred to as a "wrap-up" policy, number CPL001741302, effective August 11, 2009 through August 11, 2013 (the "Arch OCIP"), to the Los Angeles Unified School District ("LAUSD"). Western is informed and believes that it is an enrolled subcontractor under the Arch OCIP.

///

10. Defendant Liberty issued an OCIP, number TB2-C61-064978-016, effective May 1, 2006 through May 1, 2009 (the "Liberty OCIP"), to the LAUSD. Western is an enrolled subcontractor under the Liberty OCIP.

11. Western is informed and alleges that the Arch OCIP and the Liberty OCIP, and each of them, were delivered to the LAUSD in the State of California and all premiums were paid thereon in the State of California.

12. Western is unable to allege the terms and conditions of the Arch OCIP with specificity as both Arch and the LAUSD have refused to provide Western with a copy of the Arch OCIP despite multiple requests and in clear violation of California Civil Code section 2782.96 (b).

13. However, Western is informed and believes and thereon alleges that the Arch OCIP covers the claims of the LAUSD against Western as alleged herein.

14. The Liberty OCIP generally provides coverage for bodily injury and property damage under form CG 00 01 12 04, Section I-COVERAGE, subsection 1. Insuring Agreement, as set forth below:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

///

15. The Liberty OCIP defines "property damage" substantively as set forth below:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

**The Claim:**

16. On or about June 23, 2009, Western entered into a contract with the LAUSD to upgrade the fire alarm system at Belmont High School in Los Angeles, California, contract number 0910265 ("Contract"). The Contract included installation of a complete automatic fire alarm control system, including smoke and heat detectors throughout the campus to replace the old manual pull system.

17. Western commenced work under the Contract and continued to perform work under the Contract until on or about January 20, 2012, when the LAUSD issued a letter terminating Western's right to proceed with the work under the Contract. The LAUSD contended that termination was justified due to Western's alleged failure to complete work under the Contract in a timely manner as a result of property damage caused by continuing asbestos contamination allegedly arising out of defects and deficiencies in the work performed by Western and/or its subcontractors under the Contract. In addition, during the course of repair and completion of Western's work, a cap burst on a fire water line causing damage to drywall and painted surfaces for which Western is informed that LAUSD is seeking reimbursement.

///

18. As a result, a dispute has arisen between the LAUSD and Western regarding Western's right to further compensation under the Contract for work performed prior to termination of the Contract. In addition to loss of use damages, the LAUSD contended that Western was responsible for the cost of repairing property damage caused by asbestos contamination and water infiltration allegedly resulting from defects and deficiencies in the work performed by Western or its subcontractors under the Contract or the completion contractor under the surety bond. The LAUSD contends that as the repair costs and loss of use damages exceed any amounts due under the contract, it has no further obligation to compensate Western under the Contract and that Western, as principal, and Hartford Fire Insurance Company ("Hartford"), as surety, are obligated to reimburse LAUSD for damages, including liquidated damages, under the Contract.

19. On September 19, 2012, Western caused a complaint to be filed against the LAUSD in the Superior Court of Los Angeles County, case number BC492488. The complaint alleges causes of action for breach of the Contract and breach of the implied warranty of correctness of plans and specifications prepared by the LAUSD.

20. On or about March 1, 2013, the LAUSD cross-complained against Western and Hartford. The cross-complaint alleges causes of action for breach of contract against Western and breach of a written surety obligation against Hartford.

21. The LAUSD's breach of contract action against Western is premised upon Western's alleged failure to complete work under the Contract in a timely manner as a direct and proximate result of property damage caused by asbestos contamination. Western is informed that LAUSD also seeks damages for repair of property damage to drywall and

painted surfaces arising out of completion work negligently performed on behalf of Western and/or its subcontractors by the completion contractor under the surety bond. The damages include the cost of repairing water damage to drywall and painted surfaces caused by the rupture of a water line cap occurring during the repair and completion of Western's work.

22. In addition, the LAUSD cross-complaint alleges not less than $1,785,000 in loss of use damage arising out of the alleged property damage and corresponding repair delays.

23. As the LAUSD's claim for breach of contract arises out of a claim for covered property damage, insurers must treat the breach of contract claim in the same manner as a tort claim for negligent property damage under the holding of *Vandenberg v. Superior Court* (1999) 21 Cal.4th 815, 838.

24. After being served with the above referenced cross-complaint, Western timely tendered its defense to Defendants.

25. Defendants, and each of them, acknowledge receipt of Western's tender of defense of the LAUSD cross-complaint.

26. Western is informed and believes that Defendants, and each of them, failed to conduct a prompt, full and complete investigation of the facts and circumstances giving rise to the claims asserted in the LAUSD cross-complaint and ultimately denied the tender.

27. Western is informed and believes that Defendants, and each of them, failed and refused to:

a. Conduct a prompt, full and complete investigation of the claims set forth in the LAUSD cross-complaint;

b. Defend Western from the claims asserted in the LAUSD cross-complaint;

c. Indemnify Western from the claims asserted in the LAUSD

cross-complaint;

d. Conduct a reasonable investigation, after they rejected the tender of defense of the LAUSD cross-complaint, of facts giving rise to coverage despite the fact that said facts were called to their attention;

e. Provide Western with a copy of the Arch OCIP; and

f. Promptly respond to communications regarding the claim.

28. Western is informed and believes that Defendants misrepresented and intentionally concealed the coverage afforded by the Arch and Liberty OCIPs.

29. Western is informed and believes that had Defendants, and each of them, conducted a prompt, full and complete investigation of the claims asserted in the LAUSD cross-complaint, they would have determined that the LAUSD cross-complaint alleged claims for covered "property damage" and loss of use under the policy or policies of insurance issued by Defendants, and each of them.

30. Western has performed all of the obligations under each of the contracts indicated above, except for those obligations, which, because of the breach of the Defendants, or any of them, of their obligations, Western has been excused or prevented from performing.

## FIRST CAUSE OF ACTION

### (Breach Of Contract)

31. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is informed and believes that Defendants, and each of them, breached their obligations under the policies of insurance issued to Western by:

a. Failing to conduct a prompt, full and complete investigation

of the claims set forth in the LAUSD cross-complaint;

b. Failing to defend Western from the claims asserted in the LAUSD cross-complaint;

c. Failing to indemnify Western from the claims asserted in the LAUSD cross-complaint;

d. Failing to conduct a reasonable investigation after they rejected the tender of defense of the LAUSD cross-complaint;

e. Failing to promptly respond to communications regarding the claim; and

f. As to defendant Arch, by failing to provide Western with a copy of the Arch OCIP.

33. As a direct and proximate result of Defendants' wrongful denial of coverage for the claims asserted against Western in the LAUSD cross-complaint, Western has been forced to hire an attorney and expert consultants to defend against the claims asserted against it in the LAUSD cross-complaint and will be forced to expend additional sums to finally resolve the claims asserted against it by settlement or in satisfaction of a judgment, if any, entered against it.

34. As a direct and proximate result of Defendants' wrongful denial of coverage for the claims asserted against Western in the LAUSD cross-complaint, Western has been and continues to be damaged in an amount in excess of the jurisdictional limits of this court.

35. Western is informed and believes that the denial of benefits, as alleged in this complaint, was vexatious and without reasonable cause. Pursuant to Insurance Code section 1619, Western is entitled to reasonable attorney fees incurred in prosecuting this action in an amount to be proved at trial.

36. Western is informed and believes that the denial of benefits, as alleged in this complaint, was in bad faith and without probable cause. Accordingly, Western seeks recovery under *Brandt v. Superior Court* of its fees and costs incurred in this matter in order to receive from Defendants the policy benefits owed to them.

**SECOND CAUSE OF ACTION**

**(Breach of the Covenant of Good Faith and Fair Dealing)**

37. Western hereby incorporates by reference each and every allegation contained in paragraph 1 through 36 as though fully set forth herein.

38. Western is informed and believes that the Defendants, and each of them, breached the implied covenant of good faith and fair dealing by unreasonably and without proper cause failing and refusing to conduct a proper and timely investigation and by willfully concealing and fraudulently misrepresenting the coverage afforded by the applicable policies in order to wrongfully deny coverage for the claims asserted in the LAUSD cross-complaint.

39. Defendants, and each of them, wrongfully refused to defend Western in the LAUSD cross-complaint.

40. Defendants, and each of them, wrongfully refused to indemnify Western in the LAUSD cross-complaint.

41. The denial of the benefits claimed by Western under the Arch and Liberty OCIPs or other policies of insurance issued by Defendants, and each of them, was done by Defendants without reasonable cause. Defendants knew that a duty to defend was owed to Western, yet refused to provide such a defense. As a direct and proximate result of the unreasonable conduct of the Defendants and each of them, Western has been required to retain attorneys and experts to defend

against the claims in the LAUSD cross-complaint and retain attorneys to obtain the benefits due under policies of insurance issued to Western, or some of them, by Defendants.

42. As a direct and proximate result of Defendants' wrongful denial of coverage for the claims asserted against Western in the LAUSD cross-complaint, Western has been and continues to be damaged in an amount in excess of the jurisdictional limits of this court.

43. Western is informed and believes that Defendants intentionally engaged in a course of conduct that was intended to oppress Western and to dissuade Western from seeking benefits due to it under the policies by intentionally misrepresenting the benefits due to Western under their respective policies and/or refusing to provide a copy of the policies.

44. The refusal of Defendants, and each of them, to carry out their obligations under their insurance policies and the California Insurance Code to promptly and fully investigate, defend, indemnify and communicate their coverage positions with the insureds, and the acts of their agents, were all done with a conscious disregard of the rights of the Western to receive the benefits due it under the policies. These acts were done with the knowledge and approval and ratification of the Defendants, and each of them. These acts continued even after Western protested to the Defendants. Western, therefore, is entitled to punitive damages.

**PRAYER**

1. For damages according to proof at trial, including the cost of defense incurred by Western in defense of the LAUSD cross-complaint and any amount paid in settlement or satisfaction of judgment thereof;

2. For attorney fees and costs incurred in bringing this action pursuant to California Insurance Code section 1619 and *Brandt v.*

*Superior Court*;

3. For attorney fees incurred in obtaining policy benefits as provided by law;

4. For punitive damages in an amount to deter and make an example of Defendants as established by proof at trial;

5. For costs of suit herein;

6. For pre- and post- judgment interest; and

7. For such other and further relief as the Court may determine just and proper.

Dated: November 3, 2014 WOLKIN • CURRAN, LLP

By: */s/ Dawn A. Silberstein*
Brandt L. Wolkin
Dawn A. Silberstein

Attorneys for plaintiff WESTERN GROUP, INC.

**DEMAND FOR JURY TRIAL**

Plaintiff, Western Group, Inc., hereby demands trial by jury in this action.

Dated: November 3, 2014

WOLKIN • CURRAN, LLP

By: */s/ Dawn A. Silberstein*
Brandt L. Wolkin
Dawn A. Silberstein

Attorneys for plaintiff WESTERN GROUP, INC.